# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 21, 2013          Decided April 9, 2013

No. 12-1150

INDIANA BOXCAR CORPORATION,
PETITIONER

v.

RAILROAD RETIREMENT BOARD,
RESPONDENT

———

On Petition for Review of a Decision
of the Railroad Retirement Board

———

*John D. Heffner* argued the cause and filed the briefs for petitioner.

*Ronald A. Lane* argued the cause for *amici curiae* American Short Line and Regional Railroad Association in support of petitioner. With him on the brief was *Keith T. Borman*.

*Kelli D. Johnson*, General Attorney, Railroad Retirement Board, argued the cause for respondent. With her on the brief was *Karl T. Blank*, General Counsel.

Before: BROWN and KAVANAUGH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Indiana Boxcar Corporation is a parent holding company that owns several railroad subsidiaries. Recently, the Railroad Retirement Board determined that Indiana Boxcar is an "employer" for purposes of the Railroad Retirement Act and the Railroad Unemployment Insurance Act, two statutes that protect retired and unemployed rail workers. The Board's determination will subject Indiana Boxcar to additional tax liability.

To be an employer under those two Acts, a company such as Indiana Boxcar – which is not itself a railroad – must be "under common control" with a railroad. 45 U.S.C. §§ 231, 351. Before this case, the Board repeatedly held that *parent* corporations like Indiana Boxcar are not under common control with their railroad *subsidiaries*. Under Board precedent, in other words, the term "common control" does not usually apply to two companies in a parent-subsidiary relationship. Here, however, the Board did not adhere to that precedent and did not reasonably explain and justify its deviation from its precedent. Therefore, the Board's decision was arbitrary and capricious under the Administrative Procedure Act. We vacate and remand to the Board.

I

Indiana Boxcar Corporation is a holding company that owns several railroads. Although Indiana Boxcar is in the railroad business, Indiana Boxcar is not itself a railroad.

Indiana Boxcar is owned by R. Powell Felix, who is also its president, and his wife, Sandra M. Felix. As of 2008, Indiana Boxcar had two employees: Mr. Felix and his daughter, Kesha Felix Lainhart. Between 1999 and 2008,

Indiana Boxcar owned four railroads outright and owned an interest in or managed other railroads. Felix is or has been the president of each railroad that Indiana Boxcar owns.

In 2008, the Railroad Retirement Board determined that Indiana Boxcar is an "employer" for purposes of the Railroad Retirement Act and the Railroad Unemployment Insurance Act, two statutes designed to aid retired and unemployed rail workers. That finding means that Indiana Boxcar will have to pay additional taxes.

Railroad carriers – that is, railroads themselves – are employers under the Acts. Alternatively, a company is considered an employer if it (i) is "under common control" with a railroad and (ii) "performs any service . . . in connection with" railroad transportation. 45 U.S.C. §§ 231, 351. Although Indiana Boxcar is not a railroad carrier, the Board found that Indiana Boxcar satisfied the alternative definition of an "employer" under the Acts.

The Board found that both Indiana Boxcar and its railroad subsidiaries were under the "common control" of Felix. Because Felix owned Indiana Boxcar and was president of both Indiana Boxcar and each of the railroads, Felix controlled all of the relevant entities. Hence, Indiana Boxcar and the railroads were under shared, or "common," control.

The Board also found that Indiana Boxcar satisfied the second prong of the alternative test. The Board concluded that Indiana Boxcar performed services "in connection with" railroad transportation, because Indiana Boxcar performed various management services for each of its railroad affiliates. Indiana Boxcar was thus deemed an employer under the Acts.

After the Board upheld those determinations in a decision on reconsideration, Indiana Boxcar petitioned for review in this Court.

II

The Administrative Procedure Act requires that agency decisionmaking be both reasonable and reasonably explained. *See Motor Vehicle Manufacturers Assn. v. State Farm Mutual Auto. Insurance Co.*, 463 U.S. 29, 57 (1983); 5 U.S.C. § 706(2)(A). An agency acts unreasonably for purposes of the APA when, for example, it departs from its past precedent without reasonably explaining and justifying the departure. *See FCC v. Fox Television Stations, Inc*., 556 U.S. 502, 515 (2009).

In this case, the Railroad Retirement Board determined that Indiana Boxcar – a parent company that owned several railroad subsidiaries – was an "employer" under the Railroad Retirement Act and the Railroad Unemployment Insurance Act. To satisfy the definition of an "employer" under those Acts, the Board initially determined that Indiana Boxcar was "under common control" with its railroad subsidiaries. 45 U.S.C. §§ 231, 351.

Indiana Boxcar argues that the Board's "under common control" determination conflicts with Board precedent. We agree with Indiana Boxcar. Until now, the Board used the definition of "common control" found in *Union Pacific*, a Federal Circuit case. *Union Pacific Corp. v. United States*, 5 F.3d 523 (Fed. Cir. 1993); *see, e.g.*, *Mississippi Tennessee Railroad, LLC*, B.C.D. 04-16 (2004) (adopting and applying the holding of *Union Pacific*); *Delaware Otsego Corp.*, B.C.D. 03-84 (2003) (same); *North American Railnet, Inc.*, B.C.D. 97-49 (1997) (same). In *Union Pacific*, the court held that the term "'under common control' does not usually apply

to two companies in a parent-subsidiary relationship." *Union Pacific Corp.*, 5 F.3d at 525. Rather, the term most naturally applies to companies "occupying parallel positions as subsidiaries" – or siblings – "controlled by a common parent." *Id.* at 526. The court added that "shared leaders" alone "do not subject" two "corporate entities to 'common control,'" because officers ultimately owe their allegiance to shareholders or corporate owners. *Id.* at 526-27.

Since *Union Pacific*, the Board has consistently applied that case's reasoning in determining who qualifies as an "employer" under the Railroad Retirement Act and the Railroad Unemployment Insurance Act. The Board has applied *Union Pacific* both to public companies like Union Pacific, where ownership and control are diffuse, and to privately held companies, where control is more concentrated. For example, in *Delaware Otsego*, the Board found that a privately owned holding company and its subsidiary were *not* under common control even though control over the parent and the subsidiary was concentrated in one person. There, one individual was majority owner of the holding company, the holding company owned a railroad subsidiary, and the majority owner of the holding company was president of the subsidiary. *See Delaware Otsego Corp.*, B.C.D. 03-84, at 5. In *Mississippi Tennessee Railroad*, the Board reaffirmed that *Union Pacific* applies and precludes a finding of "common control" even when a parent company is "privately held by two individuals rather than publicly owned." *Mississippi Tennessee Railroad, LLC*, B.C.D. 04-16, at 2.

There is no legally significant distinction between Indiana Boxcar and the companies at issue in previous Board decisions. As in *Delaware Otsego*, one person both owns the parent company and serves as president of each railroad subsidiary. As in *Mississippi Tennessee Railroad*, Indiana

Boxcar is a privately owned, closely held company. But here, the Board nonetheless held that the parent company and the railroad subsidiaries *were* under common control.

The Board attempted to account for its shift by explaining that *Union Pacific* applies primarily to publicly traded companies where ownership is "diffuse." *Indiana Boxcar Corp.*, B.C.D. 12-3, at 6 (2012). By contrast, according to the Board, *Union Pacific* does not apply to "closely held corporate structures where control of the parent company and subsidiary carrier(s) is clearly concentrated in a few individuals." *Id.* (parentheses in original). But both *Delaware Otsego* and *Mississippi Tennessee Railroad* involved closely held private corporations. And in each case, control was "clearly concentrated in a few individuals." So the distinction between publicly traded and privately held companies does not justify the Board's failure to follow precedent.

Because the Board departed from its precedent and did not offer sufficient explanation and justification for doing so, its decision was arbitrary and capricious under the Administrative Procedure Act. We therefore vacate and remand to the Board.

*So ordered.*